# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE WILLIS,

      Petitioner,

    v.

WARDEN USP CANAAN,

      Respondent.

No. 4:26-CV-00537

(Chief Judge Brann)

## MEMORANDUM OPINION

### JUNE 17, 2026

Eugene Willis, a federal inmate, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He attempts to collaterally attack his conviction and sentence entered in 2018 by the United States District Court for the Middle District of Florida.  The Court will dismiss Willis's Section 2241 petition for lack of habeas jurisdiction.

## I.    BACKGROUND

Willis is currently serving a 204-month aggregate sentence entered after a jury convicted him of two counts of carjacking and one count of brandishing a firearm in furtherance of a crime of violence.[1]  He filed a direct appeal, but that appeal was denied by the United States Court of Appeals for the Eleventh Circuit

---

[1]  *See United States v. Willis*, No. 8:16-cr-00453, Doc. 168 (M.D. Fl. Apr. 30, 2018); 18 U.S.C. § 2119, 18 U.S.C. § 2; 18 U.S.C. § 924(c)(1)(A)(ii), 18 U.S.C. § 2.

on April 25, 2019.[2]  In April 2020, Willis filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]  That motion was denied by the district court on February 4, 2021.[4]  A certificate of appealability was likewise denied.[5]

Willis now attempts to collaterally attack his 2018 judgment of sentence through Section 2255(e) and Section 2241, apparently relying on the United States Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022).[6]  He asks the Court to vacate his Section 924(c) conviction.  Because it plainly appears from the face of his petition and attached exhibits that he is not entitled to relief, the Court will dismiss his Section 2241 petition without requiring a response from the government.[7]

## II.    DISCUSSION

Willis attempts to collaterally attack his 2018 judgment by arguing that intervening Supreme Court case law renders his Section 924(c) brandishing-a-firearm conviction unlawful.[8]  Willis's attempt to utilize Section 2255(e) and Section 2241 to collaterally attack his conviction fails because recent Supreme

---

[2]   *See Willis*, No. 8:16-cr-00453, Doc. 187 at 2 (M.D. Fl. May 28, 2019) (mandate).
[3]   *See id.*, Doc. 191 (M.D. Fl. Apr. 28, 2020).
[4]   *See id.*, Doc. 192 (M.D. Fl. Feb. 4, 2021).
[5]   *See id.*
[6]   *See* Doc. 1 at 1.
[7]   *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).
[8]   *See* Doc. 1 at 1-4.

2

Court precedent forecloses that avenue of relief.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[9]  Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[10]

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[11]  In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to a Section 2241 petition when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[12]

In 2023, however, the Supreme Court of the United States decided *Jones v. Hendrix*, abrogating—among other circuit court decisions—*In re Dorsainvil* and effecting a profound change in habeas practice with respect to Section 2241

---

[9]    *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

[10]   *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. 465 (2023).

[11]   *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), *abrogation recognized by Voneida v. Johnson*, 88 F.4th 233 (3d Cir. 2023).

[12]   *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

petitions.[13]  The *Jones* Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[14]

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[15]  The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[16]  In all other circumstances, a convicted prisoner's only avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence,"[17] or "a new rule of constitutional law."[18] [19]

To the extent Willis is attempting to challenge his underlying sentence in the instant Section 2241 petition based on an alleged intervening change in substantive law, he cannot do so.  Willis has already filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the trial court, and that motion was

---

[13]  *See Jones*, 599 U.S. at 477.
[14]  *Id.* at 471.
[15]  *See id.* at 474-75, 478.
[16]  *Id.* at 478; *see also id.* at 475-76.
[17]  28 U.S.C. § 2255(h)(1).
[18]  *Id.* § 2255(h)(2).
[19]  *Jones*, 599 U.S. at 477-80.

denied on the merits. There is no jurisdiction in this Court for Willis to challenge his conviction or sentence in a Section 2241 petition through Section 2255(e)'s saving clause, as he does not meet the extremely narrow circumstances where the saving clause could apply. Rather, after *Jones*, Willis's invocation of an alleged intervening change in substantive law no longer qualifies for resort to the saving clause in Section 2255(e).

In sum, Section 2255(e) does not apply to Willis's challenge to his Section 924(c) conviction. Accordingly, the Court will dismiss his Section 2241 petition for lack of jurisdiction.[20] The Court declines Willis's alternative request to transfer his petition under 28 U.S.C. § 1631, because it is clear that he cannot meet the stringent requirements for filing a second or successive Section 2255 motion.

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Willis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[20]  *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).

5